**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| | ) | 1:11-cv-02433-CCB |
| v. | ) | |
| | ) | |
| DTM CORPORATION, TRINITY PROTECTION SERVICES, INC. and CSI CORPORATION of DC | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| ——————————————————— | ) | |

## CONSENT DECREE RESOLVING CLAIMS BROUGHT BY EEOC AGAINST CSI CORPORATION OF DC

This action was instituted by Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission"), against, DTM Corporation, Trinity Protection Services, Inc., and CSI Corporation of DC (hereinafter "CSI"). The Commission alleges violations of Sections 701(k), 703(a)(1), 703(a)(2), and 704(a) of Title VII of the Civil Rights Act of 1964 ("Title VII"), and Section 102(d) of Title I of the Americans with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12112(a) ("the ADA"), and of Section 503(a) of Title V of the ADA, 42 U.S.C. § 12203(a)-(b).

CSI denies these allegations. Nothing in this Consent Decree will be considered as evidence, an admission or a concession that CSI violated any applicable law or regulation related to any of the matters addressed herein.

The Commission and CSI desire to resolve this action without the time and expense

1

of continued litigation, and they desire to formulate a plan to be embodied in a Decree which will promote and effectuate the purposes of Title VII and the ADA.

The Court has examined this Decree and finds that it is reasonable and just and in accordance with the Federal Rules of Civil Procedure, Title VII, and the ADA. Therefore, upon due consideration of the record herein and being fully advised in the premises, it is hereby **ORDERED, ADJUDGED AND DECREED**:

1.      This Decree resolves all issues and claims alleged in the Second Amended Complaint filed against CSI, which emanated from the Charge of Discrimination filed by Naima Ashigur, Charge No. 531-2009-01554C.

2.      All claims in this action asserted against CSI are hereby dismissed with prejudice.

3.      The EEOC's claims in the Second Amended Complaint against DTM Corporation are in no way affected by the entry of this Decree.

4.      This Decree shall be in effect for a period of four (4) years from the date it is entered by the Court.

5.      CSI, its officers, agents, servants, employees, successors, assigns, and all persons acting or claiming to act on its behalf, are hereby enjoined from discriminating against female employees on the basis of pregnancy, as set forth in the following provisions of Title VII: "an employer" may not "discriminate against any individual with respect to . . . terms, conditions, or privileges of employment, because of such individual's . . . sex." The term "because of sex" includes "because of or on the basis of pregnancy, childbirth, or related medical conditions."42 U.S.C. §§ 2000e(k), 2000e-2(a)(1).

6.      CSI, its officers, agents, servants, employees, successors, assigns, and all

persons acting or claiming to act on its behalf, are hereby enjoined from subjecting pregnant

employees to medical examinations or inquiries which are not job related and consistent with

business necessity, as set forth by the ADA. 42 U.S.C. § 12112(d)(4)(A).

7.      CSI, its officers, agents, servants, employees, successors, assigns, and all

persons acting or claiming to act on its behalf, are hereby enjoined from retaliating against

any employee who complains about pregnancy discrimination or about pregnancy-related

medical examinations, as set forth below:

> It shall be an unlawful employment practice for an employer to discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].

42 U.S.C. § 2000e-3(a).

> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA].

42 U.S.C. § 12203(a).

8.      Within sixty (60) calendar days after entry of this Decree, CSI will pay to

Naima Ashigur $5,000 in damages pursuant to 42 U.S.C. § 1981a. Within six (6) months of

that payment, CSI will pay to Naima Ashgur an additional $3,500 in damages pursuant to 42

U.S.C. § 1981a. Within six (6) months of that payment, CSI will pay to Naima Ashigur an

additional $3,500 in damages pursuant to 42 U.S.C. § 1981a. CSI will issue IRS forms 1099

for these amounts for the 2013 and 2014 tax years.

9.      In consideration for this total sum of $12,000, Naima Ashigur waives her right

to recover for any claims she may have against CSI under Sections 706 and 707 of Title VII

of the Civil Rights Act, any claims she may have against CSI under Sections 107 and 503 of

the ADA, as well as under Section 102 of the Civil Rights Act of 1991.

10.     Within ninety (90) days after entry of this Decree, CSI will provide training, by an entity previously agreed to by the parties, for all supervisory and managerial employees, including but not limited to all former DTM Corporation officials. The training will focus on Title VII compliance, with an emphasis on preventing pregnancy discrimination, harassment based on pregnancy, and discrimination in terms, conditions, and privileges of employment based on pregnancy; on the ADA's prohibitions against unlawful medical inquiries and examinations; and on the anti-retaliation provisions of the ADA and Title VII. The duration of the training will be four (4) hours. Within seven (7) business days of the training's completion, CSI will provide certification to the Commission's counsel of record that such training has been provided, including the date[s] of the training, and the identities of the trainees, including their job titles.

11.     Throughout the term of the decree, CSI will provide the training described in paragraph 10 to all persons who are hired, promoted, or transferred into managerial or supervisory positions within ninety (90) days of their first day in the relevant positions. The training will have the same content and duration as is described in paragraph 10.  It may be provided through the entity previously agreed to by the parties or through a DVD of the original training.

12.     Within ten (10) business days after entry of this Decree, CSI will disseminate a memorandum to all employees notifying all employees that CSI will comply with Section 701(k) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e(k), and notifying all employees that the policies of DTM Corp. regarding maternity and pregnancy do not apply to CSI employees.

13.     Within ten (10) business days after entry of this Decree, CSI will post, in all places where notices to employees customarily are posted within CSI's security sites and related Human Resources offices, the Notice attached hereto and made a part hereof.  These Notices shall be posted and maintained for the life of the Consent Decree (four years) and shall be signed by a responsible management official with the date of actual posting shown thereon.  Should the Notices become defaced, marred, or otherwise made unreadable, CSI will ensure that new, readable copies of the Notices are posted in the same manner as heretofore specified.  Within thirty (30) calendar days of approval of this Decree, CSI shall forward to the EEOC's attorney of record a copy of the signed Notice attached hereto and written certification that the Notice referenced herein has been posted and a statement of the locations and dates of posting.

Subject to these provisions and this Court's jurisdiction to enforce the provisions of this Consent Decree, it is further

**ORDERED** that the EEOC's claims against CSI in this action, including those in the First and Second Amended Complaints shall be and hereby are dismissed with prejudice, with the Commission and CSI each bearing their own costs and fees.

**SO ORDERED**

Signed and entered this ____ day of _____, 2013.


By:     _____
        CATHERINE C. BLAKE
        UNITED STATES DISTRICT COURT JUDGE


The undersigned counsel of record in the above-captioned action hereby consent, on

5

behalf of their respective clients, to the entry of the foregoing Consent Decree.


FOR CSI Corporation of DC:                    FOR PLAINTIFF:


_____/s/_____                        _____/s/_____
Glenn Ivey                                     Debra M. Lawrence
Leftwich & Ludaway, LLC                        Regional Attorney
1400 K Street, N.W.
Washington, DC 20005


                                               _____/s/_____
                                               Maria Luisa Morocco
                                               Supervisory Trial Attorney

                                               _____/s/_____
                                               Philip M. Kovnat
                                               Trial Attorney
                                               Philadelphia District Office
                                               801 Market Street, Penthouse Suite 1300
                                               Philadelphia, PA 19107
                                               (215) 440-2814 (Phone)
                                               (215) 440-2848 (Fax)



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## POSTED PURSUANT TO FEDERAL COURT ORDER

This Notice is posted pursuant to a federal court order voluntarily resolving claims brought by the U.S. Equal Employment Opportunity Commission (the EEOC), an agency of the federal government, against CSI Corp. of DC ("CSI"). In that lawsuit, called <u>EEOC v. DTM Corp., et al.</u>, the EEOC alleged that CSI Corp. of DC was liable as a successor to DTM Corporation, which allegedly violated Title VII of the Civil Rights Act of 1964, as amended, as well as the Americans with Disabilities Act (ADA) by subjecting female employees to unequal terms and conditions of employment because of their pregnancies. Under Section 703(a) of Title VII, an employer may not "discriminate against any individual with respect to . . . terms, conditions, or privileges of employment, because of such individual's . . . sex." Also, under Section 701(k) of Title VII, the term "because of sex" includes "because of or on the basis of pregnancy, childbirth, or related medical conditions." The lawsuit also asserted that CSI was liable as a successor to DTM Corporation, which had allegedly subjected its pregnant employees to unlawful medical inquiries and examinations. Under Section 102(d) of Title I of the ADA, an employer may "not require a medical examination and shall not make inquiries of an employee . . . unless such examination or inquiry is shown to be job-related and consistent with business necessity."

**Date Posted:**
**By:**_____

Lastly, the lawsuit charged that CSI was liable as a successor to DTM Corporation for retaliation against one of its former employees, and that CSI was thus responsible for this liability as the alleged legal successor to DTM Corporation. Under Section 704(a) of Title VII, an employer may not "discriminate against any of [its] employees . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]. Similarly, under Section 503(a) of the ADA, an employer may not "discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under [the ADA]."
CSI will not engage in any acts or practices made unlawful by the above sections.
A copy of this Notice will be posted in a conspicuous place and will be replaced if it becomes defaced, marred, or otherwise made unreadable.

| CSI Corporation of DC | |
|---|---|